BROWN, ATTORNEY GENERAL, APPELLEE, *v.*
BORCHERS FORD, INC., ET AL., APPELLANTS.

[Cite as Brown v. Borchers Ford (1980),
62 Ohio St. 2d ·1.]

(Nos. 79-159 and 79-178—Decided April 2, 1980.)

2

*Mr. William J. Brown,* attorney general, *Mr. Michael E. Zatezalo, Mr. James J. Martin, Ms. Barbara K. Roman* and *Mr. Robert S. Tongren,* for appellee.

*Coolidge, Wall, Matusoff, Womsley & Lombard Co., L.P.A., Mr. Christopher H. Hoving* and *Mr. Roger L. Makley,* for appellant Borchers Ford, Inc.

*Messrs. Slicer, Hall & Slicer* and *Mr. David L. Hall,* for appellants White-Allen Chevrolet, Inc., et al.

*Per Curiam.* The Court of Appeals found that the issue before it was whether the Attorney General was required to request assurance of voluntary compliance prior to independently instituting this action for alleged violation of R. C. 1345.01 *et seq.* The court determined that the only relief sought by the Attorney General in his complaint was an injunction. For that reason, the Court of Appeals held, "the Attorney General was not required to request assurance of voluntary compliance prior to filing this action," and the trial court erred in dismissing the complaint.[4]

We agree. R. C. 1345.06 clearly provided that, where injunction is the sole relief sought, prior request for written assurance of voluntary compliance is not required. Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, LYNCH, LOCHER and HOLMES, JJ., concur.

LYNCH, J., of the Seventh Appellate District, sitting for SWEENEY, J.

---

[4] See amendments to R. C. 1345.06 and 1345.07, effective August 11, 1978.